IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 10-732-1 |
| v. | : | |
| | : | CIVIL ACTION |
| CARLO DANIEL CASTRO | : | NO. 15-4243 |

MEMORANDUM

Bartle, J.                                                            July 21, 2016

Carlo Daniel Castro ("Castro"), a former Inspector in the Philadelphia Police Department, has before the court a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.

Castro was charged in a superseding indictment with: one count of attempted interference with interstate commerce by extortion, in violation of 18 U.S.C. § 1951 (Count One); two counts of attempted collection of credit through extortionate means, in violation of 18 U.S.C. § 894 (Counts Two and Ten); three counts of making material false statements to federal agents, in violation of 18 U.S.C. § 1001 (Counts Three through Five); two counts of honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346 (Counts Six and Seven); one count of using an interstate facility to commit bribery, in violation of 18 U.S.C. § 1952(a)(3) (Count Eight); and one count of conspiracy to interfere with interstate commerce by extortion (Count Nine), in violation of U.S.C. § 1951.

The case concerned two extortion schemes. One involved Castro attempting with the aid of Rony Moshe ("Moshe") to extort money from Wilson Encarnacion ("Encarnacion"). Castro blamed Encarnacion for a loss on an investment. The other scheme involved Castro aiding his friend and codefendant, William Wong ("Wong"), in an effort to extort money from a person owing a debt to Wong. The charges also encompassed false statements Castro made to FBI agents and honest services wire fraud involving the acceptance by Castro of gifts from Moshe in return for official actions. The jury convicted him on Count Three for making a false statement to federal agents and acquitted him on Count Ten of attempted collection of credit through extortionate means. The jury was deadlocked on the remaining eight counts.

With a retrial pending, Castro pleaded guilty to Count Nine which charged him with conspiring with codefendant Wong to interfere with interstate commerce by extortion. He waived his appellate rights and rights to bring collateral proceedings in accordance with his written plea agreement. He confirmed the waiver at his guilty plea hearing. The court, at the request of the Government, dismissed the remaining seven counts in the indictment.

The court imposed a sentence of eighteen months imprisonment on the false statement count and sixty months on the charge of extortion conspiracy. The sentences were to run

concurrently.  The Court of Appeals for the Third Circuit vacated the judgment against Castro for making a false statement on the ground that the evidence was insufficient to convict.  The appellate court upheld his guilty plea to Count Nine but remanded for reconsideration of the sixty-month sentence now that the false statement conviction had been overturned.  The Court of Appeals noted that after considering the factors under 18 U.S.C. § 3553(a) and the applicable advisory guidelines, the district court may "impose the same sentence." United States v. Castro, 704 F.3d 125, 144 (3d Cir. 2013).  At resentencing, the court did reimpose the same sixty-month sentence.  The Court of Appeals thereafter affirmed. United States v. Castro, 573 Fed App'x 214 (3d Cir. 2014).

Castro now contends in his § 2255 motion that his trial counsel was ineffective in making "deliberate and gross misstatements" to him in connection with his plea of guilty to conspiracy to commit extortion.  Under Strickland v. Washington, 466 U.S. 668 (1984), to establish ineffective assistance of counsel, Castro must first demonstrate that his counsel's performance fell below "an objective standard of reasonableness." Id. at 687-88.  He must then prove that he was prejudiced, that is, "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability

sufficient to undermine confidence in the outcome." Id. at 694. The court held an evidentiary hearing at which both Castro and his trial counsel Brian McMonagle testified.

Castro asserts he would never have pleaded guilty absent his counsel's pressure and misrepresentations. According to Castro, his counsel told him that he would lose his city pension if he went to trial and was convicted of honest services wire fraud but failed to advise him that the Government could not prove the bribery element of honest services fraud at any retrial. His counsel also allegedly told him that the court would impose a lenient sentence of eighteen months if he pleaded guilty to Count Nine and that he would serve any sentence at a federal prison camp. Instead the court varied upward with a sixty month sentence.

We find that counsel did not pressure or make any misrepresentations to Castro or act unreasonably with respect to his advice on the facts or the law. It was his counsel's reasonable view, specifically expressed to Castro, that the Government would likely prevail at a second trial on honest services wire fraud. Entrapment, counsel also properly explained, was not a viable defense for that count since the court had already ruled to that effect. Furthermore, we find that counsel never promised or gave his professional opinion concerning what sentence Castro would receive or where he would

serve it.  Castro knew that there were no guarantees on this score.  In sum, Brian McMonagle, an experienced and effective trial lawyer, did not provide ineffective assistance of counsel under <u>Strickland</u>.

At the plea hearing on Count Nine, the Assistant United States Attorney summarized the facts of the extortion conspiracy involving Wong.  The facts were overwhelming, and Castro admitted they were true.  The court explained to Castro the elements of the crime charged in Count Nine, and he acknowledged he understood them.  He admitted that no one threatened him or promised him anything to convince or induce him to sign the plea agreement.  He had read the plea agreement, discussed it with counsel, and understood what it said.  He told the court that no one threatened him, coerced him or forced him to plead guilty.  He declared that his change of plea to guilty was made of his own free will and that he was pleading guilty because he was in fact guilty as charged.

Castro, we note, was a high-ranking police official who was educated and experienced in the criminal justice system.  <u>See</u> <u>Castro</u>, 704 F.3d at 136-37.  While he agonized over his decision, we find that his plea of guilty before this court on June 9, 2011 was knowing and voluntary.  It was his decision alone, as he conceded at the hearing on his § 2255 motion.  Contrary to his testimony at the § 2255 hearing, he never told

Brian McMonagle during the plea hearing that he did not want to plead guilty and never asked him to file a motion to withdraw that plea.

One of the significant considerations for Castro was his desire to avoid the risk of losing his city pension. By pleading guilty to the extortion conspiracy charged in Count Nine, he saved his pension since the charge was not related to his job as a police officer, and he avoided trial on honest services wire fraud which was related to his job. See 43 Pa. Stat. & Cons. Stat. Ann. § 1313(a).

Castro also raises claims that the Government presented perjured testimony of a cooperating witness, Moshe, and that he was actually innocent of the charge alleged in Count Nine.[1] These present claims are defaulted since Castro waived his appellate rights and his rights to collateral review as set forth in his guilty plea agreement. Nonetheless, where a manifest injustice has occurred, the court may disregard the waiver. A manifest injustice takes place where no evidence of guilt exists. Castro, 703 F.3d at 137-140; United States v. Khattuk, 273 F.3d 557 (3d Cir. 2000).

---

1. On direct appeal, Castro's experienced appellate counsel argued the absence of evidence to convict on Count Three. However, he did not make this argument with respect to Count Nine.

Castro has not shown any manifest injustice. The record is devoid of evidence that Moshe perjured himself. In addition, the Government possessed strong evidence against Castro concerning the Wong extortion conspiracy as set forth in the plea agreement signed by Castro. The evidence included incriminating audio tapes of Castro himself. Castro also took the stand during his trial and made unfavorable admissions which could be used against him in any second trial. As an experienced police officer, he was well aware of the strength of the case against him. There is simply no merit to his assertion that he was innocent of conspiracy to commit extortion as charged in Count Nine, the charge to which he pleaded guilty.

To the extent Castro's testimony at the § 2255 hearing contrasted with that of his trial counsel, Brian McMonagle, we find his counsel credible and Castro not credible.[2]

Castro, in essence, has buyer's remorse. That is insufficient to grant his § 2255 motion. No certificate of appealability will issue.

---

2. Castro also testified that the court was eager for him to plead guilty and participated improperly in the plea negotiations. This hearsay testimony has no basis and is untrue. The court had no opinion on whether Castro should or should not plead guilty and certainly played no role in any plea agreement between the Government and Castro.